IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE R. MERRYMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-392 |
| LORIE DAVIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bruce R. Merryman, an inmate confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Lorie Davis, Aaron Thompkins, and Lieutenant Brown. This Report and Recommendation addresses the claims against Lieutenant Brown.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges that he is at high risk for complications from COVID-19 due to underlying health conditions, including heart problems and anemia, and that the conditions of his confinement at the LeBlanc Unit increase his risk of exposure to COVID-19. Plaintiff alleges the LeBlanc Unit is overcrowded and understaffed. As a result of the alleged overcrowding, Plaintiff alleges he is housed in a dormitory with sixty-seven other inmates, and the inmates sleep in bunks that are 28 inches or less apart. Plaintiff contends correctional officers failed to wear masks even after a correctional officer tested positive for COVID-19, and inmates who were passing out meals also did

not wear masks. Plaintiff alleges the inmates were not provided with sufficient soap for frequent hand-washing. Plaintiff alleges inmates were tested for COVID-19 from May 10, 2020, through May 16, 2020, but so many inmates tested positive that Defendant Davis did not send inmates the results of their tests. Plaintiff also alleges that inmates who tested positive for COVID-19 were isolated in small groups in classrooms, and those inmates were escorted back to the dormitory by Defendant Brown at the conclusion of their fourteen-day quarantine period.

Plaintiff alleges the inmates from the LeBlanc Unit were evacuated to another facility on August 24, 2020, prior to a hurricane making landfall. According to Plaintiff, the inmates were forced to sit in a crowded bus, and then they were housed around the inmates from the other facility, which increased their risk of contracting COVID-19.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the

defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Plaintiff has not alleged facts demonstrating Defendant Brown took any action that resulted in overcrowding or understaffing at the LeBlanc Unit, that he was responsible for allowing correctional officers and inmates to be unmasked, or failed to provide inmates with sufficient soap. According to Plaintiff, Defendant Brown escorted inmates back to the dormitory following their fourteen-day quarantine, but Plaintiff has not alleged any facts demonstrating that the act of escorting inmates to the dormitory deprived Plaintiff of a constitutional right. Because Plaintiff failed to allege any facts demonstrating that Defendant Brown participated in depriving Plaintiff of a constitutional right, the claims against defendant Brown must be dismissed for failure to state a claim upon which relief may be granted.

## Recommendation

The claims against Defendant Brown should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 15th day of December, 2021.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE