IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE R. MERRYMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-392 |
| LORIE DAVIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bruce R. Merryman, a prisoner confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Lorie Davis, Aaron Thompkins, Lieutenant Brown, and Bobby Lumpkin.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff complains that the conditions of confinement at the LeBlanc Unit expose him to a high risk of contracting COVID-19. Plaintiff has filed two Motions for Class Certification. (Doc. #43 and Doc. #94.)

Analysis

The purpose of a class action is to conserve resources of both the courts and the parties by economically litigating issues that potentially affect every class member. *Gen. Tel. Co. of the SW. v. Falcon*, 457 U.S. 147, 155 (1982); *Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 471 (5th Cir. 1986). To further this goal, Federal Rule of Civil Procedure 23(a) provides that a member of a class may bring suit as a representative on behalf of the other members only if: (1) the joinder of all members is impracticable because the class is so numerous; (2) there are common questions of law or fact; (3) the claims of the representative are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Because Plaintiff is proceeding *pro se*, he cannot satisfy the adequacy requirement of Rule 23(a)(4). The United States Court of Appeals for the Fifth Circuit interprets the adequacy

requirement to "require the class representatives to possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016) (quoting *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 482-83 (5th Cir. 2001)). Courts have declined to certify *pro se* prisoner class actions for fear that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (citing *Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967)). As a consequence, it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine*, 509 F.2d at 1407; *see also DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

As Plaintiff is proceeding *pro se*, he is unable to satisfy the adequacy requirement set forth in Rule 23(a). The Motions for Class Certification should therefore be denied.

### Recommendation

Plaintiff's Motions for Class Certification should be denied.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 7th day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE