IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE R. MERRYMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-392 |
| LORIE DAVIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bruce R. Merryman, a prisoner confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Lorie Davis, Aaron Thompkins, Lieutenant Brown, and Bobby Lumpkin.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed three Motions for Temporary Restraining Order and Preliminary Injunction. (doc. #38, doc. #41, and doc. #65.) This Report and Recommendation considers the merits of the Motions.

Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

This action concerns allegations that the defendants were not adequately protecting Plaintiff from the risk of contracting COVID-19. Plaintiff requests injunctive relief requiring the defendants to enact and enforce additional policies to ensure the safety of Plaintiff and other inmates.

Plaintiff's claim is predicated on the Cruel and Unusual Punishment Clause of the Eighth Amendment, which has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, Plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834. Plaintiff must also demonstrate that the defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834. The deliberate indifference standard is a subjective inquiry; Plaintiff must establish that the defendants were aware of an excessive risk to Plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

The United States Court of Appeals for the Fifth Circuit recently had occasion to consider TDCJ's initial response to the pandemic in *Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021). The Fifth Circuit found that TDCJ enacted a comprehensive, facility-wide policy on March 20, 2020, which largely tracked the CDC's recommendations, and that the policy was frequently updated and revised. *Valentine*, 993 F.3d at 278. After considering the evidence regarding the promulgation of the policy for responding to COVID-19 and the subsequent revisions to the policy, the Fifth Circuit found that the evidence did not support a finding that supervisory officials were deliberately indifferent in adopting those policies. *Id*. at 284. While noting that TDCJ's response to COVID-19 was imperfect, the Fifth Circuit found that the policy required inmates to be given clean masks daily, required inmates and staff members to wear masks, provided cleaning solution for individual cubicles, and installed electrostatic sprayers and handwashing stations. *Id*. at 288. The Fifth Circuit concluded that injunctive relief was not warranted because the evidence did not show that the

defendants were deliberately indifferent in their implementation of the policy. *Id*. at 288-89. In light of the Fifth Circuit's ruling in *Valentine*, Plaintiff has not demonstrated a substantial likelihood that he will prevail on the merits in this action. As a result, the motions for injunctive relief should be denied.

## Recommendation

Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 6th day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE